# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| TYRONE L. FARRIS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-738-R |
| | ) | |
| JIMMY MARTIN, Warden North Fork Corrections and JOE ALLBAUGH, Director of the Department of Corrections, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2241, challenging the denial of certain credits toward reduction of his state sentence. In conjunction with the case he filed a Motion for Recusal of Magistrate Judge and Recusal of District Judge (Doc. No. 4). Although the Court assigned the case to Magistrate Judge Suzanne Mitchell for preliminary review, the instant motion is withdrawn from reference. In his motion Petitioner requests that the undersigned as well as District Judges Lee R. West and Timothy D. Leonard be recused from this case. He further requests that the case not be assigned to either Magistrate Judge Gary M. Purcell or Shon T. Erwin. Petitioner's motion is denied as moot with regard to Magistrate Judges Purcell and Erwin, because by random draw the assigned Magistrate Judge is Suzanne Mitchell. Similarly, it is denied with regard to Timothy Leonard, who no longer actively serves as a judge in this District and with regard to Senior District Judge West, who was not assigned to the case. The motion is denied on the merits as it relates to the undersigned for the reasons set forth

herein.

Citing 28 U.S.C. § 144, Petitioner asserts that the judges he seeks to exclude have shown or expressed personal bias or prejudice against Mr. Farris in ruling in his prior cases. Section 144 provides,

> **W**henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Because Mr. Farris is appearing *pro se*, he cannot comply with the requirement of providing a certificate of good faith from counsel, and therefore his motion must be denied. *See Mitchell v. U S,* 126 F.2d 550, 552 (10th Cir. 1942)("the statute, by its own terms, provides a safeguard against the abuse of the privilege granted by the statute, . . . the requirement that the affidavit must be accompanied by a certificate of counsel of record, and without which the affidavit is ineffectual to disqualify the judge. This requirement is founded on the assumption that a member of the bar or counsel of record will not indulge in reckless disregard of the truth, and further attests to the good faith and belief of the affiant.")(citations omitted); *see also Robinson v. Gregory*, 929 F.Supp. 334, 337 (S.D.Ind. 1996)("The statutory language of Section 144 appears to prevent a *pro se* litigant from using Section 144 to obtain disqualification of the presiding Judge."). This is so, because § 144 "provides nearly automatic procedures for disqualification. *Id.* at 338.

Although Petitioner cannot prevail on his request for recusal under § 144, the Court will consider his request as if it had been raised pursuant to 28 U.S.C. § 455(a).

> The test under Section 455(a) is an objective one, based on all relevant circumstances. "[W]hat matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned.' " Id. However, disqualification under Section 455(a) may not be based upon a mere disagreement with a judge's prior rulings in the case. As the Supreme Court pointed out in *Liteky v. United States*, judicial rulings alone "almost never constitute [a] valid basis for a bias or partiality motion." 510 U.S. at ——; 114 S.Ct. at 1157. In *Liteky* the Supreme Court left the door open for disqualification on such grounds in "the rarest circumstances," where a ruling shows a deep-seated favoritism or antagonism that makes fair judgment impossible, or where a ruling shows that it derives from an extra-judicial source. Id. Those rare and narrow exceptions are not applicable here. In this case, Robinson has alleged only disagreement with the court's prior rulings. The remedy for such disagreement is appeal, not disqualification of the presiding judge.

*Id.* The circumstances here are similar to those set forth by the Court in *Robinson*. Petitioner does not agree with the decisions rendered in his prior cases and seeks to avoid any of the District Judges that have previously been assigned to his cases. There is no basis in Petitioner's motion for recusal of the undersigned, and accordingly, his request is DENIED.

IT IS SO ORDERED this 7th day of August 2018.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE