THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TYRONE LESLIE FARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-738-R |
| | ) | |
| JIMMY MARTIN, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is a document entitled "Objection to Order [Doc. #35] filed 5/23/19 in the Western District of Oklahoma." (Doc. No. 36). Although Mr. Farris contends his objection to the order is timely, there is no provision in the Federal Rules of Civil Procedure or within the relevant federal statutes for objecting to an order that re-refers a case to a Magistrate Judge for additional proceedings. Rather, Petitioner reiterates his request that both the undersigned and Magistrate Judge Mitchell be recused from this case. Petitioner premises his request on prior adverse rulings of both this Court and the Magistrate Judge, which is not a basis for seeking the recusal of either.

Title 28, § 455(a) of the United States Code states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This requirement is intended "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). The § 455 standard is an objective one,

"disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Id.* (quoting *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)). Subjective state of mind is irrelevant; the Court must consider whether "the public might reasonably believe that [the judge] . . . knew of facts creating an appearance of impropriety." *Liljeberg*, 486 U.S. at 860.

Judges have a strong duty to recuse when appropriate, but also a strong duty to sit, and § 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). Petitioner's allegations of partiality raised on appeal ultimately stem from various adverse rulings against Mr. Farris; "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *United States v. Nickl*, 427 F.3d 1286, 1298 (quoting *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)). This is not the first time Petitioner has requested that the Court reassign this action, nor does the Court anticipate it will be the last. Petitioner, however, is not entitled to reassignment of an action because he does not like some or all of the Court's rulings. This matter remains committed to Magistrate Judge Mitchell for additional preliminary findings and recommendations and will remain on the docket of the undersigned judge.

IT IS SO ORDERED this 13th day of September 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE