# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| TYRONE LESLIE FARRIS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. CIV-18-738-R |
| JIMMY MARTIN, et al., | ) |  |
| Respondent. | ) |  |

## ORDER

Before the Court is Petitioner's timely objection to a November 14, 2019 Report and Recommendation entered by United States Magistrate Judge Suzanne Mitchell wherein she recommended that Petitioner's motion for injunctive relief be denied. Judge Mitchell notes in the Report and Recommendation that this is a habeas action, not a § 1983, and that the persons Petitioner seeks to enjoin are not parties hereto. She further opines that his motion is moot in light of his transfer from North Fork Correctional Center, where he was housed when he filed the motion, to Davis Correctional Facility, thereby mooting the issue of the alleged denial of access to legal materials at North Fork. (Doc.No. 50). Petitioner's objection to the Report and Recommendation gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court finds as follows.

The Court's review herein is confined to Petitioner's motion, which was directed to his request for injunctive relief due to conditions at North Fork. Petitioner was transferred

from that facility and therefore his motion is MOOT and the Report and Recommendation is adopted. To the extent Petitioner contends that he is being denied legal materials at his current facility or that he was transferred in retaliation for pursuing this action, those contentions are not properly before the Court.[1]

**IT IS SO ORDERED** this 20th day of December 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner may file a new motion but should be aware of the limitations identified by Judge Mitchell in the Report and Recommendation. *See e.g. Whitmore v. Parker*, 484 F.App'x 227 (10th Cir. June 7, 2012)(noting no prohibition on seeking § 1983 relief and habeas relief under § 2241 in a single case provided all procedural requirements for both types of claims are met).