# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TYRONE LESLIE FARRIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Case No. CIV-18-738-R |
| ) | |
| **JIMMY MARTIN, et al.,** ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner's timely objection to a February 28, 2020 Report and Recommendation entered by United States Magistrate Judge Suzanne Mitchell wherein she recommended that Petitioner's motion for entry of default and his motion for judgment of default be denied, and Petitioner's timely objection thereto. (Doc. Nos. 59, 63). Petitioner's objection to the Report and Recommendation gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court finds as follows.[1]

Petitioner's motions are premised on the same basis: Respondent either failed to timely or completely respond to certain discovery requests as ordered by the Court. The Court has reviewed Respondent's Objections and responses to the requests and finds no basis therein for entering default in Petitioner's favor. With regard to Requests 1 through 7 and 14, although Respondent objected, he nevertheless provided responsive documents.

---

[1] In his objection to the Report and Recommendation, Petitioner addresses his pending Motion for Summary Judgment, which is not the subject of this Report and Recommendation, but rather remains pending before Judge Mitchell. The issue herein is limited to whether Petitioner is entitled to default.

With regard to Requests 8 through 13, Respondent indicated no responsive documents could be located. The Court cannot order Respondent to produce documents he cannot locate. With regard to Request No. 15, Respondent's answer elaborated on the position it took in its prior Motion for Summary Judgment.

> **RESPONSE TO REQUEST NO. 15:** Objection, Petitioner's request number 15 is irrelevant, unduly burdensome, and not properly limited in time or scope. Additionally, Mark Knutson and the Administrative Review Authority ("ARA") do not maintain a grievance log like the individual facilities maintain. Rather, Mr. Knutson and the ARA maintain a grievance appeal database which contains the ARA appeal documents submitted from 2012 to present. Without waiving any objections, all grievance appeals submitted by Petitioner from 2012 to present have been attached and bates numbered 0381-0419.

Doc.No. 55-1. Accordingly, Respondent has produced that which it possesses, and implies that any grievance filed at the institutional level should be recorded in the grievance log of the individual institution.[2] Regardless, Petitioner has not established that default is the appropriate remedy in this case.

For the reasons set forth herein, the Report and Recommendation issued on February 28, 2020 is ADOPTED and Petitioner's Motion for Entry of Default (Doc. No. 54) and Motion for Judgment of Default (Doc. No. 56) are DENIED.

**IT IS SO ORDERED** this 21st day of April 2020.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Of course, the institutional record may not contain information for the period before 2012 supporting any contention by Petitioner that he appealed to the ARA. Additionally, as noted by Respondent, if Petitioner initiated attempts at exhaustion prior to 2012, this action, filed in 2018, is likely untimely.