THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TYRONE LESLIE FARRIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-18-738-R |
| ) | |
| **JIMMY MARTIN, et al.,** ) | |
| ) | |
| Respondent. ) | |

# ORDER

Before the Court is Petitioner's timely Objection to a November 13, 2020 Report and Recommendation entered by United States Magistrate Judge Suzanne Mitchell wherein she recommended the § 2241 Petition be denied as untimely. (Doc. No 77). Petitioner's objection to the Report and Recommendation gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court finds as follows.[1]

The Court will not reiterate the lengthy history of Mr. Farris's attempts in this Court to establish that he is being detained beyond the expiration of his sentence because the State has failed to properly credit his sentence. The Report and Recommendation sets forth the history very thoroughly, addressing the prior action filed by Petitioner in his quest for

---

[1] The Court granted Mr. Farris an extension of time in which to file his objection. He filed a timely twenty-four page objection along with a letter addressed to the Clerk of Court indicating that he needed additional time in which to draft his complete objection. Although not presented to the Court as a motion, the Court, having thoroughly reviewed the Objection, the Report and Recommendation, and the Petition herein, concludes that Petitioner is not entitled to an extension of time. The issues presented by the Report and Recommendation focus primarily on whether Mr. Farris's Petition was timely filed or whether he is entitled to equitable tolling, issues he could have addressed directly in his twenty-four page Objection.

additional earned credits toward discharge of his ninety-nine-year sentence. (Doc. No. 77, pp. 2-9).

The § 2241 Petition filed on August 2, 2018 asserts four grounds for relief:

> GROUND ONE: That Farris has been deprived by OCCA, correction of all statutory good-time credits owed him by ODOC in which this deprivation and denial of all good-time credits owed has resulted in Farris being held past his discharged date of Farris ninety-nine (99) years sentence by the Respondents in violation of Farris constitutional rights.

(Doc. No. 1, p. 8).

> GROUND TWO: Farris, a PRO SE litigant, Sixty-Four (64) years old, Black Male under the Custody of the Oklahoma Department of Corrections (ODOC), discovered that ODOC improper calculation of Farris, period of good-time credits days under the wrong statutory provisions for Title 57 O.S. § 138 and § 224 is a detriment to Farris' in violation of *Weaver v Graham*. That this improper assessment of calculations of Farris' good-time credits being earned has resulted in Farris not receiving his 1981 provisions that was that law at the time of the purported *mens rea* alleged on May 10, 1984 and prosecution's use of "evidence of other crimes "mens rea" for events prior to August of 1983 resulting in Farris being held past his discharge date.

(Doc. No. 1, p. 12).

> GROUND THREE: Beckham County District Court and the Court of Criminal Appeals has deprived Farris of his protected rights and liberties invested by law under State laws.

(Doc. No. 1, p. 14).

> GROUND FOUR: That said restraint is illegal which under the Habeas Corpus Act Farris could challenge the legality and administrative execution of the Judgment Order non-conformity and compliance to the uniform judgment statutory provisions of T. 22 ch. 18 App. Forms, Form 13.8 of OCCA Rules.

(Doc. No. 1, p. 18). At the root of Petitioner's complaints is his contention that the Department of Corrections has erroneously administered his earned credits, which if properly applied, would have resulted in his release years ago. Although this is the primary

argument set forth in the petition, as addressed in the Report and Recommendation, certain of Petitioner's allegations also attack the validity of his underlying conviction as discussed below. With regard to the § 2241 claims challenging the execution of his sentence, specifically the calculation of good time credits, the Court concurs with Judge Mitchell that the petition is untimely.[2]

28 U.S.C. § 2241 does not include a statute of limitations; however, the one- year limitations period set forth in 28 U.S.C. § 2244(d)(1)(D) applies. *Burger v Scott*, 317 F.3d 1133, 1138 (10th Cir 2003).

> Pursuant to 28 U.S.C. § 2244(d)(1)(D), the limitation period runs from 'the date on which the factual predicate to the claim or claims presented could have been discovered through the exercise of due diligence.' However, we have previously held that when a petitioner 'timely and diligently exhausts his administrative remedies, [the] one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final. *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006). The running of the statute of limitations is also suspended while a prisoner is properly pursuing relief in the state courts *see* 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim shall not be counted toward any period of limitation under this subsection."). Further, assuming that equitable tolling applies in cases involved § 2241 petitions, equitable tolling of the statute of limitations "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control," *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

*Williams v. Watts*, 425 F. App'x 774, *4 (10th Cir. June 13, 2011). Relying on the documents submitted by Petitioner, Judge Mitchell concluded that Mr. Farris was aware of

---

[2] To the extent Petitioner's Objection addresses the Report and Recommendation issued by Magistrate Judge Shon T. Erwin in his earlier action, *Farris v. Allbaugh*, CIV-15-1116-R, or rehashes the arguments or decisions made in the prior § 2241, the Court need not address those arguments. Additionally, contrary to Petitioner's belief, the Tenth Circuit Court of Appeals made no findings about whether his earned credits have been improperly calculated; its holding was limited to consideration of whether Mr. Farris had fulfilled the exhaustion requirement of § 2241.

the alleged failure to properly credit the days at issue herein in 2000, evidenced by a Request to Staff that he filed on September 25, 2000. As a result, Judge Mitchell's Report and Recommendation *sua sponte* addresses the timeliness of the Petition and recommended dismissal on this basis.[3]

Mr. Farris attached to his Petition a September 25, 2000 Request to Staff, the first step in the Department of Corrections' administrative process.

> I am informing you based on the following circumstances I have discharged. Under *Spradling v. Maynard*, 527 F.Supp. 398 (1981) and the facts alleged in my case "evidence of crimes" entered in case no CRF-84-240, which alleged crimes occurring from August of 1983, I am entitled to the statutory provisions of that period to be assessed towards my sentence. In 1983 there was no Amendment to 57 O.S. 1981 § 138 it used 1976 O.S. § 138 Amended statute and under that period the following should have been deducted. . . .

(Doc. No. 1-3, p. 30-31). He thereafter summarized the credits he believed he had been denied, citing Okla. Stat. tit. 57 § 138 and its various versions. In support of his request, Petitioner relied on *Spradling*, a 1981 case that required that offenders received into Department of Corrections custody before September 8, 1976 be credited using the pre-1976 statute. Because *Spradling* did not apply to his case, the Request to Staff was denied on September 27, 2000. (Doc. No. 1-3, p. 30). There is no indication in the record that Petitioner appealed the denial.

Attached to his Objection Petitioner submitted a January 2005 Request to Staff. Therein he challenged how credits were being calculated toward his time served.[4] He was

---

[3] The Report and Recommendation notes Respondent's argument that the petition was untimely was raised in a response to a motion filed by Petitioner. Respondent did not file a motion on this basis but Judge Mitchell thoroughly and properly analyzed the propriety of *sua sponte* consideration of the issue.

[4] Ironically, although filed five years after the above Request to Staff, in his January 2005 submission Petitioner did not assert that he had discharged his sentence but for the miscalculation.

informed that the staff member audited his time from May 1998, when his file had last been audited. "I see no calculation errors in your time. If your dispute is not enough Ekstrand applied, then you need to fill out the attached forms that I have enclosed" (Doc. No. 80-1, p. 13). There is no indication that Petitioner submitted the form or appealed the decision.

Petitioner filed a subsequent Request to Staff on October 22, 2007, stating he was seeking re-calculation of credits pursuant to *Ekstrand v. State*, 791 P.2d 92 (Okla. Crim. App. 1990). He requested his immediate release. The response from the staff member stated:

> I have went back to the last time you received an audit from Department of Corrections; which was in 6/98, and checked your credits under Ekstrand. You have been a level 4/E5 and have been receiving the credits for L4 because it is more of an advantage to you.

(Doc. No. 1-3, p. 36).[5] Dissatisfied, Petitioner filed a Grievance addressing the issue, following the proper Department of Corrections procedure. Therein he stated his belief that because his "judgment of conviction expanded across two (2) statutory schemes, I would be entitled to both statutory/statutory provisions." (Doc. No. 1-3, p. 35). The response included the following:

> You were granted pre-November 1,1988 credits as you earned them prior to 11/01/98 on a credit per day worked basis just as 57 O.S. 138 specified they were to be earned. In August of 1993 you received 520 credits for your pre-November 1, 1988 credits that you earned on a credit per day worked basis to cover the period from 11/1/1988 to 7/31/1993. You received credit for the difference between your level system earned credits and the pre-November 1, 1988 credits earned. The Ekstrand decision stated that inmates receive either the level or the pre-Nov 1, 1988 credits **but not both**. Since then you have earned those credits on a per day assigned basis per DOC policy. You only receive credit for either your level or Ekstrand rate depending on which is more advantageous to you. You do not get both. If you have issues with

---

[5] Level 4 inmates receive 44 days per month while E5 inmates earn days at a 1:1 ratio.

> the pre-November 1, 1988 credits you have been given so far, you are welcome to provide documentation that supports additional credit owed.

(Doc. No. 1-3, p. 32). Petitioner appealed the decision; however, the response is not contained in the record.[6] Judge Mitchell correctly concluded that, even using the later-filed administrative request from 2007, Petitioner clearly knew about the factual underpinnings of his claims long before the 2018 filing of this case.[7] That is, he had a belief at that time that the Department of Corrections was not properly granting him earned credits. Therefore, absent equitable tolling, any § 2241 seeking the credits sought by Petitioner in this action would be untimely.

In his Objection, Petitioner spends the majority of the 24 pages addressing issues other than the timeliness of the instant Petition. At page 2 he states:

> That Farris had exhausted all Administrative remedies available to him by the State and that documents were presented by Farris showing the temporal periods as to when ODOC ARA, Administration had such opportunity [to] correct the grievance, through the grievance process available, by giving notice and opportunity to the Respondents' the ability to correct the wrongs "errors" complained by Farris in his Habeas Petition."

Doc. No. 80, p. 2. Petitioner does not argue that based on the timing of any administrative documents the instant Petition is timely. Rather, he asserts he is entitled to equitable tolling.

Under the AEDPA, equitable tolling is available to a state prisoner applying for

---

[6] Petitioner filed a successful request for E6 credits in 2015, and as a result received 60 credits per month for the duration of his Basic Computers Vo-Tech training class. (Doc. No. 1-3, p. 38). He does not complain specifically about these credits.

[7] As set forth in the Court's prior Order and in the November 13, 2020 Report and Recommendation, the Department of Corrections does not maintain grievance records from before 2012, and the post-2012 records contain no administrative filings addressing the alleged erroneous calculation of the earned credits at issue in this case.

Judge Mitchell addresses blood donation and good-time credits in the Report and Recommendation, claims Petitioner disavows in his Objection. (Doc. No. 80, p. 8). Because Petitioner is not seeking such credits, the Court need not address those portions of the Report and Recommendation.

federal habeas relief in extraordinary circumstances. 28 U.S.C. § 2241(d)(1); *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). As noted by Judge Mitchell in the Report and Recommendation, a prisoner is entitled to equitable tolling if he shows that he was pursuing his rights diligently and that extraordinary circumstances stood in his way and prevented timely filing. (Doc. No. 77, p. 30).

Petitioner contends he is entitled to equitable tolling at various points in his Objection, including pages 2, 5, and 12. His arguments, however, are largely conclusory. Yes, Petitioner has been complaining about how his earned credits have been calculated for more than twenty-years; however, that Respondent or the Department of Corrections did not alter the documents to his liking, or the inconsistency between the Department of Corrections' print out and his Consolidated Record Card is not a basis for equitable tolling. Additionally, a period of more than eight years passed between Petitioner's 2007 administrative proceedings and his 2015 filing of the petition in *Farris v. Allbaugh*, CIV-15-1116-R, which does not establish that Petitioner was diligent in pursuing his complaints.

Judge Mitchell further concluded Petitioner had not established that failing to consider the issue of the alleged miscalculation of his credits would result in a fundamental miscarriage of justice. *In Lopez v. Trani*, 628 F.3d 1228 (10th Cir.2010), the court held that "in the equitable tolling context" a miscarriage of justice argument must be based on a showing of "actual innocence," which can overcome lack of diligence in pursuing the actual innocence claim. *Id.* at 1230–31. Petitioner does not assert that he is actually innocent of the crime for which he was convicted, and therefore, he cannot rely on the fundamental miscarriage of justice exception. *See Griffith v. Bryant*, 625 F. App'x 914, 918

n. 3 (10th Cir. 2015). Accordingly, to the extent any of the four grounds in the Petition challenge the execution of Petitioner's sentence as a result of the alleged deprivation of credits, the claims are untimely and therefore dismissed.

To the extent Judge Mitchell concluded that Petitioner was attempting to utilize a petition under § 2241 to challenge his underlying conviction, specifically addressing issues raised in Ground Four, the Court declines to adopt the Report and Recommendation. Rather, the Court concludes dismissal is appropriate pursuant to 28 U.S.C. § 2244(b)(2). As noted in the Report and Recommendation, a prisoner's challenge to the validity of state conviction is appropriate under 28 U.S.C. § 2254, not § 2241. 28 U.S.C. § 2244(b)(2) permits a single petition under § 2254 unless the inmate obtains leave from the appropriate court of appeals to file a second or successive petition. In 1991, Mr. Farris filed his first § 2254 petition. *See Farris v. Kaiser*, CIV-91-1146-W.  This Court denied the petition and the Tenth Circuit affirmed the decision.  *See Farris v. Kaiser*, No. 93-6122, 9 F.3d 116, 1993 WL 425418, at *1 (10th Cir. Oct. 19, 1993). Since that time Petitioner has made numerous attempts to challenge the validity of his underlying conviction by either seeking leave to file a second or successive petition or by relying on § 2241 in an attempt to avoid the limitations of § 2244(b)(2).  *See In re Farris*, No. 11-6285 (10th Cir. Nov. 21, 2011). As a result, the arguments set forth in Ground Four whereby Petitioner asserts that the district attorney was not properly licensed and therefore the judgment is void are properly dismissed because it would be a successive petition and Mr. Farris has not been granted leave.[8]

---

[8] The Court declines to transfer this portion of the petition to the Tenth Circuit as permitted by 28 U.S.C. § 1631, in

Judge Mitchell further construed Ground Four as containing a claim that procedural changes to the State's Truth in Sentencing Act were *ex post facto* as applied to him. She concluded that any such claim was untimely and fails on the merits. In his objection to the Report and Recommendation, Petitioner does not address the conclusion that his claim is untimely. Therefore, the Report and Recommendation is adopted with regard to Petitioner's Truth in Sentencing Act claim. To the extent Petitioner challenges the merits conclusion reached by Judge Mitchell, the Court adopts the Report and Recommendation, which analyzes the issue thoroughly and correctly.

The Objection to the Report and Recommendation is peppered with allegations of bias or prejudice by Judge Mitchell and with citations to 28 U.S.C. § 455, which requires that a judge disqualify herself in any proceeding in which her impartiality might be questioned or where she had a personal bias or prejudice concerning a party. *See* 28 U.S.C. § 455(a) and (b)(1). As the Court has previously stated in response to similar allegations by Mr. Farris, arguing that judges are biased because of rulings they issued in his case is not a sufficient reason to disqualify. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion"); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992) ("adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification").

The Court hereby ADOPTS the Report and Recommendation consistent with the above. All pending motions, specifically, Defendant's Motion to Dismiss (Doc. No. 22,

---

light of the numerous prior denials of leave by that Court. *See In re Farris*, No. 11-6285 (10th Cir. Jan. 3, 2012)(imposing sanctions on any subsequent motion for leave to file a second or successive petition).

Petitioner's Motion for Summary Judgment (Doc. No. 61, Petitioner's Motion for Sanctions (Doc. No. 62), Petitioner's Motion for 3-Judge Court (Doc. No. 70); Petitioner's Request for Judicial Notice (Doc. No. 72), and Petitioner's Motion for Subpoena Duces Tecum or the Inspection of Documents Incamera (Doc. No. 73) are DENIED.

Finally, the Court denies Mr. Farris a Certificate of Appealability. Where, as here, the Court dismisses a petition on procedural grounds, a Certificate of Appealability requires the inmate to demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. *Slack v. McDaniel,* 529 U.S. 473, 483–84, (2000); *Miller–El v. Cockrell,* 537 U.S. 322, 337 (2003). The Court, having relied upon documents submitted by Petitioner which clearly establish that his Petition is untimely finds no basis for debate in the propriety of its procedural ruling, and therefore declines to issue a Certificate of Appealability.

For the reasons set forth herein, the Petition is DISMISSED with prejudice.

**IT IS SO ORDERED** this 10th day of February 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE