THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE LESLIE FARRIS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-18-738-R |
| | ) |
| JIMMY MARTIN, et al., | ) |
| | ) |
|     Respondent. | ) |

## ORDER

Before the Court is an order of limited remand from the United States Court of Appeals for the Tenth Circuit, abating the appeal until such time as the Court considers whether Mr. Farris entitled to a Certificate of Appealability with regard to his appeal of the denial of his Motion to Reconsider. (Doc. No. 95). The Court hereby DENIES a Certificate of Appealability.

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2241 arguing that the Oklahoma Department of Corrections deprived him of various credits to his sentence to which he is entitled. He contends that if properly credited those days would have discharged his sentence. The Court dismissed the petition as untimely on February 10, 2021, and Petitioner's appeal was dismissed by the United States Court of Appeals for the Tenth Circuit as untimely on May 28, 2021. In addition to filing a Notice of Appeal Petitioner filed a Motion to Reconsider, citing Rule 60(b)(6) of the Federal Rules of Civil Procedure, which the Court denied. (Doc. No. 91). The Court must now consider whether to issue a Certificate of Appealability to Mr. Farris, as to the denial of his most recent motion.

Where a district court denies a Rule 60(b) motion for relief from judgment in a habeas case the movant must obtain a certificate of appealability before proceeding with an appeal. *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006). The question on a procedural ruling such as the one at issue here is whether this Court was correct in finding that Petitioner's motion to reconsider did not meet Rule 60(b)(6)'s standard. A motion under Rule 60(b)(6) is appropriate only in "'extraordinary circumstances,' which, the Supreme Court has indicated[,] 'will rarely occur in the habeas context.'" *Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007) (*quoting Gonzalez v. Crosby*, 545 U.S. 524, 535(2005)).   This was not one of those extraordinary circumstances and reasonable jurists would not find it debatable whether this court was correct in this procedural ruling, especially given that Petitioner's arguments were primarily that the undersigned should have recused and a rehashing of prior rejected arguments. Accordingly, the Court declines to issue a Certificate of Appealability. The Clerk of Court shall forward a copy of this Order to the Clerk of Court for the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED** this 23rd day of July 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE